IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSHUA BONNER #856279 § | |
| § | |
| V. § | A-14-CA-1063-SS |
| § | |
| TEXAS BOARD OF PARDONS AND § | |
| PAROLES, CHAIR RISSIE OWEN,[1] § | |
| COMM. PAMELA D. FREEMAN, § | |
| COMM. TONY GARCIA, § | |
| and ALL OTHER INDIVIDUALS IN § | |
| THEIR OFFICIAL CAPACITIES § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Ellis Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff complains he has been set off for parole each time he is reviewed, and always for the same reasons: "nature of offense" and "institutional adjustment." He contends this violates due process and is a

---

[1] The Chairperson of the Texas Board of Pardons and Paroles is actually Rissie "Owens."

result of bad faith. Plaintiff argues the Board is not allowed to continuously set him off for parole for the same reasons. Plaintiff appears to request his release on parole. Plaintiff sues the Texas Board of Pardons and Paroles, Chairperson Rissie Owens, Commissioner Pamela D. Freeman, Commissioner Tony Garcia, and "All Other Individuals in their Official Capacities."

## DISCUSSION AND ANALYSIS

### A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

### B.  Eleventh Amendment Immunity

The Texas Board of Pardons and Paroles is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). Accordingly, Plaintiff's claims against this defendant should be dismissed without prejudice for want of jurisdiction.

C.  Habeas Corpus Relief

To the extent Plaintiff challenges his past parole reviews and demands his release on parole, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies.  The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief.  Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).  In Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994), the Fifth Circuit noted that "[section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement," but "when a prisoner challenges the result of a single defective parole hearing that claim must be pursued by writ of habeas corpus." The distinction is between claims that would "merely enhance eligibility for accelerated release and those that would create entitlement to such relief." Id.

The Court should decline to construe this action as a request for habeas corpus relief.  If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions.  See e.g. Castro v. United States, 540 U.S. 375 (2003).  Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies and venue over Plaintiff's habeas corpus application would be improper in this Court.

D.  Due Process

To the extent Plaintiff may be requesting prospective injunctive relief with regard to future parole reviews his claims fail.  As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson v. Rodriguez, 110 F.3d 299, 308

3

(5th Cir.), cert. denied, 522 U.S. 995 (1997) (citations omitted). Because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds. Id. (citations omitted). In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995). To the extent Plaintiff complains about the sufficiency of the denial explanations he has received from the Board, the Fifth Circuit has upheld similar explanations in the mandatory supervision context, and the Board is not required to produce evidence in support of its decision. See Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives."). Accordingly, Plaintiff has failed to state a federal claim upon which relief can be granted.

## RECOMMENDATION

It is recommended that Plaintiff's claims brought against Defendant Texas Board of Pardons and Paroles be dismissed without prejudice for want of jurisdiction and Plaintiff's claims brought against Defendants for prospective injunctive relief, if any, be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's habeas corpus claims be dismissed without prejudice to filing an

application for habeas corpus relief in the appropriate court after he has exhausted his state court remedies.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of December, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE