FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2015 JAN -8  PM 3: 39

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD_____

**JOSHUA BONNER #856279,**
    **Plaintiff,**

-vs-                 Case No.  A-14-CA-1063-SS

**TEXAS BOARD OF PARDONS AND PAROLE,
CHAIR RISSIE OWEN, COMM. PAMELA D.
FREEMAN, COMM. TONY GARCIA and ALL
OTHER INDIVIDUALS IN THEIR OFFICIAL
CAPACITIES,**
    **Defendants.**

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Joshua Bonner's Complaint [#1], the Report and Recommendation (R&R) of the United States Magistrate Judge [#6], and Bonner's Objections [#8]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the R&R and DISMISSING Bonner's claims.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Bonner is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th

Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Bonner is proceeding pro se and has been granted leave to proceed *in forma pauperis*. At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Bonner was confined in the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. Bonner complains he has been set-off for parole each time he is reviewed by the Texas Board of Pardons and Paroles and always for the same reasons: "nature of offense" and "institutional adjustment." He contends this violates due process and is a result of bad faith. Bonner argues the Board of Pardons and Paroles is not allowed to continuously set him off for parole for the same reasons. Bonner appears to request his release on parole. He sues the The Board of Pardons and Paroles, Rissie Owens, Pamela Freeman, Tony Garcia, and "all other individuals in their official capacities."

## Analysis

### I.     Legal Standard

An *in forma pauperis* proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2) if "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A dismissal for frivolousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The allegations in the complaint, "particularly a *pro se* complaint, must be

accepted as true, along with any reasonable inferences that may be drawn therefrom." *Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). The petitioner's pro se status, however, does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## II.     Application

### A.     Eleventh Amendment Immunity

The Board of Pardons and Paroles is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State Sch. Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994). Accordingly, Bonner's claims against the Texas Board of Pardons and Paroles must be dismissed.

### B.     Habeas Claims

To the extent Bonner seeks an earlier release from prison, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488–490 (1973). The Court declines to construe this action as a request for habeas corpus relief. If Bonner did intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any

subsequently filed applications could be subject to the restrictions on "second or successive" motions. *See, e.g., Castro v. United States*, 540 U.S. 375, 382–84 (2003). Additionally, Bonner makes no allegations suggesting he has exhausted his state court remedies, and venue would not be proper in this Court.

## C.     Due Process

To the extent Bonner may be requesting prospective injunctive relief with regard to future parole reviews, his claims fail. As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (citations omitted). Because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds. *Id.* (citations omitted). In *Johnson*, the Fifth Circuit concluded Johnson's allegations the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. *Id.* "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." *Id.* at 309 n.13. Because Bonner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). To the extent Bonner complains about the sufficiency of the denial explanations he has received from the Board, the Fifth Circuit has upheld similar explanations in the mandatory supervision context, and the Board is not required to produce evidence in support of its decision. *See Boss v. Quarterman*, 552 F.3d 425, 428–29 (5th Cir. 2008) (holding the Due Process Clause does not require

further explanation than the "paragraphs cut verbatim from the Parole Board's Directives."). Accordingly, Bonner has failed to state a federal claim upon which relief can be granted.

In his Objections, Bonner does not overcome the fact his claims are barred by the Eleventh Amendment, and they are OVERRULED.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Joshua Bonner's Objections [#8] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Andrew W. Austin [#6] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Bonner's Complaint [#1] is DISMISSED WITHOUT PREJUDICE;

IT IS FINALLY ORDERED that Plaintiff Bonner is WARNED if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury.

SIGNED this the 8th day of January 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE